**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2107-24

ROWNAK JAHAN,

     Plaintiff-Respondent,

v.

AMINUL KARIM,

     Defendant-Appellant.

_____

> Submitted February 23, 2026 – Decided March 18, 2026
>
> Before Judges Walcott-Henderson and Bergman.
>
> On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Middlesex County, Docket No. FM-12-1565-20.
>
> Aminul Karim, self-represented appellant.
>
> Respondent has not filed a brief.

PER CURIAM

    Defendant Aminul Karim appeals from a February 14, 2025 Family Part order denying his motion for reconsideration of a December 23, 2024 order

which denied his request to modify his alimony and child support obligations and granted attorney's fees to plaintiff, Rownak Jahan, his former spouse. Defendant primarily contends the court abused its discretion in denying reconsideration and misapplied the standard for a modification of support as set forth in Lepis v. Lepis, 83 N.J. 139 (1980). Plaintiff did not participate in this appeal. For the reasons set forth in this opinion, we affirm.

Plaintiff and defendant were married on March 7, 1995, and divorced by way of final judgment (FJOD) entered on June 28, 2021, which was subsequently amended on July 27, 2021 to include the parties' stipulations regarding custody and parenting time. The parties have three children born of the marriage: T.K., born in 1997, (emancipated); S.K., born in 2003; and K.K., born in 2006. Pursuant to the amended FJOD, defendant was ordered to pay $3,000 per month in alimony and $178 in biweekly child support, which he paid from July 2021 through August 2024.

Prior to the parties' divorce, defendant was employed from February 2017 to November 2023 as a "Senior PMO Leader/Chief of Staff to [a Chief Information Officer]." Defendant was laid off from his employment in November 2023 due to corporate downsizing; however, he continued to pay his

support obligation using his severance, unemployment benefits and eventually his savings.

According to defendant from January 2024 to November 2024, he applied for more than 390 "[s]enior, mid-level, entry-level" positions though third-party employment websites, including LinkedIn and Monster. Defendant applied primarily, if not exclusively, for positions at his prior managerial level, to no avail. At some point, defendant also liquidated the remainder of the 401(k) account, which he had previously agreed to divide with plaintiff pursuant to a Qualified Domestic Relations Order (QDRO) under the FJOD. Defendant kept all of these proceeds.

Relevant to this appeal, on November 19, 2024, defendant moved for a reduction or suspension of his child support and alimony obligations, and arrears he had accumulated. According to plaintiff, this was defendant's third motion seeking a reduction and "deferral" of his alimony and child support obligations. Plaintiff opposed the motion and cross-moved to enforce a prior order entered on October 16, 2024, establishing arrears owed by defendant, enforcing plaintiff's right to her portion of the 401(k) account pursuant to the FJOD, and seeking additional costs and fees.

The October 16, 2024 order denied without prejudice defendant's motion

to reduce or terminate his alimony and child support obligations due to a substantial change in circumstances, "including but not limited to the [d]efendant's unemployment and financial hardship." In the accompanying statement of reasons, the court found "[d]efendant failed to provide the [c]ourt with his [Case Information Statement (CIS)] prior to unemployment and his most recent CIS" and concluded that based on the limited information provided "it [was] unclear to the [c]ourt how much [d]efendant's circumstances ha[d] changed to warrant a modification of child support." The court made similar findings with respect to defendant's application to reduce his alimony obligation to $0, noting the parties' twenty-four-year marriage and the amended FJOD. The court concluded defendant could refile but noted that "any modification will require complete financial disclosure, including a prior and current complete CIS, his 2022 and 2023 tax returns, statements regarding his unemployment benefits, his last three paystubs, or any [other] indicia of income or lack thereof." The court enforced defendant's spousal and child support obligations and awarded plaintiff counsel fees.

Defendant again moved to reduce his support obligations, which the court denied without prejudice in an order dated December 23, 2024. In the statement of reasons accompanying that order, the court found "defendant [had] an

ongoing obligation to provide child and spousal support to [p]laintiff," and the "temporary loss of employment does not warrant a change in circumstances."  In reaching its decision, the court found defendant had been unemployed for one year, but failed to demonstrate a significant change in circumstances, thus, his child support obligation will remain as agreed upon in the FJOD.  The court similarly denied any reduction in defendant's alimony obligation and concluded defendant failed to comply with the parties' amended FJOD.  Regarding the 401(k) account, the court found that by liquidating the account without plaintiff's knowledge, defendant's conduct "constituted the epitome of bad faith," and again ordered defendant to pay plaintiff her share of the 401(k) in the amount of $12,226.55.

On January 10, 2025, defendant moved for reconsideration under Rule 4:49-2, arguing the court overlooked compelling legal authority and misapplied the standard for modification as set forth in Lepis, 83 N.J. at 157.  In denying reconsideration, the court reasoned that defendant failed to submit proof of the amount of unemployment benefits he claimed to have received, had primarily applied for leadership and management level internet technology positions, and did not "appear to have made an extensive effort to secure employment by

diversifying his application pool, or by applying to non-managerial position[s] or working with multiple headhunters, as appropriate."

The court further noted that under Lepis, the party seeking a modification must demonstrate that a change in circumstances has substantially impaired the ability to support himself, must demonstrate a meaningful effort to improve his status, and in addition to a diligent job search, an obligor may be expected to reduce his or her lifestyle to maintain the required level of support. Having examined these factors, the court concluded defendant failed to establish the court erred in its December 2024 order and ordered defendant to continue to pay his alimony obligation as required under the FJOD.

The court next addressed defendant's request that his alimony and child support obligations be suspended temporarily until he secures gainful employment. On this point, the court concluded it would "not delay the collection of [d]efendant's child and spousal support arrears for an unknown date, and [d]efendant has an ongoing obligation to provide child and spousal support to [p]laintiff and the parties' minor children." Defendant appealed.

I.

We review an order denying reconsideration under Rule 4:49-2 for abuse of discretion. Parke Bank v. Voorhees Diner Corp., 480 N.J. Super. 254, 262

(App. Div. 2024); see also Cummings v. Bahr, 295 N.J. Super. 374, 389 (App. Div. 1996). "'An abuse of discretion arises when a decision is made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis.'" AC Ocean Walk, LLC v. Blue Ocean Waters, LLC, 478 N.J. Super. 515, 523 (App. Div. 2024) (quoting Flagg v. Essex Cnty. Prosecutor, 171 N.J. 561, 571 (2002)).

We defer to factual findings "supported by adequate, substantial, credible evidence" in the record. Gnall v. Gnall, 222 N.J. 414, 428 (2015) (citing Cesare v. Cesare, 154 N.J. 394, 411-12 (1998)). "Reversal is warranted only when . . . the trial court's factual findings are 'so manifestly unsupported by or inconsistent with the competent, relevant and reasonably credible evidence as to offend the interests of justice.'" Reese v. Weis, 430 N.J. Super. 552, 567 (App. Div. 2013) (alteration in original) (quoting Rova Farms Resort, Inc. v. Invs. Ins. Co. of Am., 65 N.J. 474, 484 (1974)).

Before us, defendant rehashes several of the same arguments raised in his motion for reconsideration in support of his overall contention that the motion court "committed reversible error" and abused its discretion by enforcing his support obligations without requiring plaintiff to update her financial statements consistent with the Lepis standard. Additionally, defendant maintains the court

also improperly disregarded his extensive and documented job search efforts, made erroneous findings, and erred by awarding plaintiff attorney's fees.

N.J.S.A. 2A:34-23 authorizes the Family Part to modify alimony and child support awards when circumstances warrant. See Spangenberg v. Kolakowski, 442 N.J. Super. 529, 535 (App. Div. 2015). The statute expressly provides that support orders "may be revised and altered by the court from time to time as circumstances may require." N.J.S.A. 2A:34-23. Our courts have long interpreted this language to require a party seeking a modification of a support obligation to demonstrate "changed circumstances." Spangenberg, 442 N.J. Super. at 536 (alteration in original) (quoting Lepis, 83 N.J. at 157). And, once a movant establishes a prima facie for a changed circumstance, the court may order discovery, and, if material facts remain in dispute, conduct a plenary hearing to determine whether changes in the parties' needs or abilities to pay justify modification or termination of support. Miller v. Miller, 160 N.J. 408, 420 (1999). Further, courts have recognized several circumstances that may satisfy the prima facie threshold, including an "increase or decrease in the supporting spouse's income," Lepis, 83 N.J. at 151, and the maturation of a child and resulting changes in needs, J.B. v. W.B., 215 N.J. 305, 313 (2013).

A-2107-24

In assessing whether changed circumstances exist, a court must compare the parties' current financial circumstances to those that existed at the time the support obligation was last fixed. Beck v. Beck, 239 N.J. Super. 183, 190 (App. Div. 1990). This inquiry is not confined to circumstances contemplated at the time of divorce; rather, it focuses on whether the change is continuing and whether the agreement or judgment accounted for that change. Deegan v. Deegan, 254 N.J. Super. 350, 354-55 (App. Div. 1992) (quoting Lepis, 83 N.J. at 152). These same principles govern both termination and modification of support obligations. Voynick v. Voynick, 481 N.J. Super. 207, 223 (App. Div. 2025).

Applying the requisite legal standards to the court's reasoning, we reject defendant's primary contention the motion court abused its discretion by denying his motion for reconsideration under Rule 4:49-2 and failing to properly apply the Lepis standard.

As a threshold matter, there is no dispute that defendant lost his job as a Senior Director, PMO—Chief of Staff to a Chief Information Officer—in November 2023, and that prior to his job loss he had complied with his support

A-2107-24

obligations.[1] We further note that, under Lepis, courts may properly consider a decrease in a supporting spouse's income due to job loss as one of the enumerated statutory factors in determining whether a change in circumstances has occurred. Thus, the issue here is not whether defendant suffered a job loss, but rather whether he demonstrated a "meaningful effort to improve his status" and find alternative employment, even if not at his previous senior level.

Here, the court acknowledged defendant's job loss but nevertheless remained unconvinced that defendant had established that a modification of his support obligations was warranted. The court reasoned that "a modification of a support obligation is not warranted if the change in circumstances is 'only temporary' or is 'expected but [has] not yet occurred.'" The court next reiterated that temporary unemployment is not grounds for a modification of support, and defendant bears the burden of showing changed circumstances by demonstrating that he made a "meaningful effort to improve his status," citing Aronson v. Aronson, 245 N.J. Super. 354, 361 (App. Div. 1991).

---

[1] Defendant maintained he was in "perfect compliance" with all support obligations, paying alimony and child support totaling over $100,000 without a single missed payment from July 2021 through August 2024, until he was laid off.

A-2107-24

The court next analyzed "the reason for the job loss or reduction in income, and whether it is voluntary or involuntary," noting that "[o]nce it is established that the change is not a voluntary one, the obligor must demonstrate that he or she is working at capacity or has made a 'meaningful effort' to do so." The court further acknowledged that there is no bright-line rule establishing how long an obligor must attempt to secure new employment before seeking a modification of support. And, relying on Donnelly v. Donnelly, 405 N.J. Super. 117, 131 (App. Div. 2009), the court concluded that an obligor may be expected to reduce their lifestyle in order to maintain the required level of support.

In concluding that defendant failed to establish a basis for reconsideration, the court relied principally on defendant's failure to submit proof that he received unemployment benefits between March 2023 to August 2024, and his lack of "extensive effort to secure employment by diversifying his application pool, or by applying to non-managerial positions or working with multiple head hunters, as appropriate." More particularly, the court referenced the spreadsheet defendant submitted with his motion that purportedly showed all the jobs he had applied to from January to November 2024 and concluded that "the majority of [the applications] were for leader and management level [i]nternet [t]echnology field positions," via LinkedIn and Monster platforms, which required only one

A-2107-24

click to submit an application. Notably, defendant neither contests that he failed to utilize headhunters, nor the court's finding that he solely applied for senior level positions with any particularity.

We similarly reject defendant's contention that the motion court abused its discretion by failing to require plaintiff to submit updated financial discovery. It is well-settled that a movant must first establish a prima facie case showing a change in circumstances after which a court may require a non-movant to provide updated financial discovery. Lepis, 83 N.J. at 157; see also Miller, 160 N.J. at 419-20. Defendant misstates the law in this regard. See Crews v. Crews, 164 N.J. 11, 30 (2000), ("[t]here should be no examination of a supporting spouse's financial condition until a showing of changed circumstances has otherwise been made."). Likewise, we have held "[a]n opponent of a Lepis motion is not required to provide a case information statement or disclose financial information until such time as the movant demonstrates a change in circumstances." Donnelly, 405 N.J. Super. at 131 (citing Lepis, 83 N.J. at 157).

Thus, having found defendant did not establish a prima facie case of changed circumstances, the court properly denied defendant's application for a

12

modification of his support obligations without requiring plaintiff to submit updated financial discovery.

Because the court fairly considered the proofs submitted by defendant regarding his overall finances and his efforts to secure new employment, and based its determination on well-established legal principles, we cannot conclude the court abused its discretion. See Parke Bank, 480 N.J. Super. at 262.

## II.

Defendant next asserts the court unfairly penalized him for errors that were made by plaintiff's counsel, claiming "the trial court's treatment of the QDRO issue violates fundamental principles of equity and fairness." More particularly, he maintains that he depleted plaintiff's share of the 401(k) due to plaintiff counsel's years-long delay in filing the QDRO, causing him to lose track of whether he had already transferred the funds to plaintiff.

On this point, we conclude defendant's argument is unavailing in light of the express language of the parties' FJOD requiring the division of the 401(k) account and defendant's admitted retention, liquidation and use of that account in violation of the terms of the FJOD, no matter the reason.

The FJOD provides in pertinent part:

> 2. Defendant's 401[(k)]: Plaintiff is entitled to 50% of the value of [p]laintiff's [sic] 401[(k)] with his current

13

employer . . . . Defendant shall be solely responsible for any loans he may have taken from this account. <u>Defendant shall be responsible for the preparation of the [QDRO] to effectuate this determination. Defendant shall commence the process of completing the QDRO within ten (10) days of this order.</u> If there are insufficient funds in the 401[(k)] to satisfy the full obligation to the [p]laintiff, [d]efendant shall pay the difference to her within thirty (30) days of the preparation of the QDRO.

(Emphasis added).

The court found defendant acted in bad faith in failing to distribute the 401(k) funds, and in doing so, awarded counsel fees and costs to plaintiff. An "award of counsel fees and costs in a matrimonial action rests in the discretion of the trial court." <u>Guglielmo v. Guglielmo</u>, 253 N.J. Super. 531, 544-45 (App. Div. 1992). We will disturb a counsel fee decision "only on the 'rarest occasion,'" <u>Strahan v. Strahan</u>, 402 N.J. Super. 298, 317 (App. Div. 2008) (quoting <u>Rendine v. Pantzer</u>, 141 N.J. 292, 317 (1995)), and, even then, only on "an abuse of discretion involving a clear error in judgment." <u>Tannen v. Tannen</u>, 416 N.J. Super. 248, 285 (App. Div. 2010). Stated differently, we will intervene only when a trial judge's determination of fees is based on "irrelevant or inappropriate factors" and is "not premised upon consideration of all relevant factors." <u>Masone v. Levine</u>, 382 N.J. Super. 181, 193 (App. Div. 2005) (citing <u>Flagg</u>, 171 N.J. at 571).

14

Under these circumstances, we reject as meritless defendant's assertion the court abused its discretion in granting plaintiff attorney's fees based upon his obfuscation of plaintiff's share of a previously divided marital asset. We note that the express language of the FJOD allocated the responsibility of preparing the QDRO to defendant, likely because those 401(k) assets were derived from his employment during the marriage. In any case, we are unpersuaded by defendant's argument the court abused its discretion in awarding plaintiff attorney's fees for her efforts to recover assets to which she is entitled and in finding defendant acted in bad faith in using those assets. See AC Ocean Walk, 478 N.J. Super. at 523.

Under these circumstances, defendant provides no basis to disturb the court's denial of his motion for reconsideration.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

*M.C. Harley*

Clerk of the Appellate Division

15